

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** Jshalom@JonathanShalomLaw.com

**Office:** 124-04 Metropolitan Avenue Kew Gardens, New York 11415

May 9, 2019

<u>**BY ECF**</u>

Honorable Judge Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re:  <u>*Kevin Garey v. ARCHE USA, INC.; Case No. 1:19-cv-00343-VEC*</u>

Honorable Judge Caproni,

   This firm represents the Plaintiff. We submit this joint letter and proposed Case Management Plan on behalf of all parties in anticipation of the May 17, 2019, Initial Conference.

**1. <u>Brief Statement and Nature of the Case</u>**

   <u>Plaintiff</u>: This lawsuit concerns whether Defendant is violating the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law and New York State Civil Rights Law, by failing to make its website equally accessible to the visually impaired. Defendants own and operate the website arche-shoes.com. Defendant's website is a gateway to and heavily integrated with their physical locations: listing the store's locations and operation hours; and allowing customers to learn about products, goods, offers and services such as promotions and special offers.

   Plaintiff Garey is legally blind and cannot use a computer without the assistance of screen-reading software. Defendants' website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Garey encountered multiple barriers that denied him access to the website and physical locations equal to sighted individuals. He could not, for example, learn where the stores are located or their hours of operation, thereby deterring him from visiting the

physical location.

In the Complaint, Plaintiff Garey asserts Defendants' stores and website are a "place of public accommodation," and the website is also a "service of those physical places of public accommodation under the ADA, NYSHRL and NYCHRL." He further asserts Defendants are violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website.

Defendant:   Among other affirmative defenses, defendant denies that plaintiff has been denied any goods and services it offers on the basis of plaintiff's alleged disability and is further ready willing and able to accommodate plaintiff.  Defendant further alleges that plaintiff has no standing to assert any of the claims, has no cognizable damages and has no basis to maintain a class action.

## 2. __Plaintiff's Statement as to Basis of Subject Matter Jurisdiction and Venue__

Plaintiff:

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district; the defendant conducted and continues to conduct a substantial and significant amount of business in this district; the Defendant is subject to personal-jurisdiction in this district, in that a substantial portion of the conduct complained of herein occurred in this district.

## 3. __Contemplated Motions__

Plaintiff: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(b) class certification.

Defendant:   Defendant anticipates either a pre-answer motion to dismiss or a summary judgment motion at the close of discovery.

4. **Discovery**

The parties have not engaged in discovery.

5. **Computation of Damages**

A. Plaintiff's Position:

Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to the plaintiff and the proposed subclasses for violations of their rights under the NYSHRL, NYSCRL, and NYCHRL

B. Defendant's Position:

It is defendant's position that plaintiff has no right to damages under any of the alleged claims and even if damages are available under the statutes, plaintiff can prove no damages.

6. **Prospect for Settlement**

Plaintiff: Given the case law on this issue, Plaintiff believes the case is ripe for an early resolution and the parties have begun discussing a potential settlement

Defendant:  Defendant and plaintiff have engaged in significant settlement discussions and will continue to seek a resolution.

7. **Any other information that the parties believe may assist the Court in resolving the action**

The parties are not currently aware of any other information that may assist the Court in resolving the action at this time.

Respectfully submitted,

By: /s/Jonathan Shalom

Jonathan Shalom, Esq.