UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
                                                                    :
                                                                    :
# KEVIN GAREY                                                       :     19 -CV- 343  (VEC)
——————————————————————————                                          :
                                                                    :     <u>CIVIL CASE
                                          Plaintiff(s),             :     MANAGEMENT PLAN
                     -v-                                             :     AND SCHEDULING
                                                                    :     ORDER</u>
                                                                    :
# ARCHE USA, INC.                                                   :
——————————————————————————                                          :
                                                                    :
                                          Defendant(s).             :
--------------------------------------------------------------------X

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent <u>X</u>_____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2.     Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within <u>15</u>_____ days from the date of this Order.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>14</u>_____ days from the date of this Order.  [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4.     [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than <u>May 31, 2019</u>_____.

5.      Discovery

     a.  All fact discovery shall be completed no later than <u>August 15, 2019</u>. [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

     b.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than <u>September 30, 2019</u>. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

     c.  Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

     d.  In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

6.      Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

     _____  Immediate referral to the District's Mediation Program

     _____  Immediate referral to a Magistrate Judge

     _____  Referral to the District's Mediation Program after the close of fact discovery

     <u>X</u>_____  Referral to a Magistrate Judge after the close of fact discovery

     _____  Other

7.      This case [is <u>X</u>_____ / is not _____] to be tried to a jury.

8.      Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____
_____
_____
_____

9.  This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for _____ at _____ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:
    a.  a statement of all existing deadlines, due dates, and/or cut-off dates;

    b.  a brief description of any outstanding motions;

    c.  a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d.  a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e.  a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f.  a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g.  any other issue that the parties would like to address at the pretrial conference; and

    h.  any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:
Jonanthan Shalom _____          Peter Metis _____
_____          _____

**SO ORDERED.**

**Date:** _____          _____
        **New York, New York**          **VALERIE CAPRONI**
                        **United States District Judge**

3